**UNITED STATES of America,**
**Plaintiff,**

**v.**

**CENTRAL MOTOR LINES, INC., a corporation, Local Union No. 71, Local Union No. 391, and Local Union No. 710, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Defendants.**

**Civ. A. No. 2521.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Oct. 15, 1970.

Stuart P. Herman, Atty., Employment Section, and Harvey B. Knudson, Jr., Atty., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Hugh J. Beins, Washington, D. C., W. P. Sandridge, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N. C., and Francis M. Fletcher, Jr., Harkey, Faggart, Coira & Fletcher, Charlotte, N. C., for defendants.

## ORDER

McMILLAN, District Judge.

Whereas, this matter was instituted on August 12, 1969, by the United States of America against Central Motor Lines, Inc. (hereinafter referred to as Central), and Teamster Local Unions Nos. 71, 391 and 710 (hereinafter referred to as the Union), under Title VII of the Civil Rights Act of 1964, 42 U.S. C. Sec. 2000e et seq., wherein the plaintiff alleged that Central and the Union have been engaging in a pattern and practice of resistance to the full enjoyment of employment rights and opportunities of Negroes as further described in the pleading; and

Whereas, Central and the Union have denied the essential allegations of the Complaint; and

Whereas, the United States has moved for a preliminary injunction on October 6, 1970; and

Whereas, the Court has jurisdiction of the subject matter of this litigation and the parties thereto; and

Whereas, the Court having reviewed the pleadings, depositions and the interrogatories and the answers thereto, and having heard argument by all counsel; and

Whereas, the Court finds that Central presently employs in excess of 300 over-the-road drivers, and since the filing of this action has hired six additional road drivers, and since the effective date of Title VII of the Civil Rights Act of 1964, has not employed any Negro over-the-road drivers;

Now, therefore, until this case can be heard on the merits or until such earlier time as this Court orders otherwise, it is hereby ordered as follows:

### I.

Central is hereby ordered to hire six Negro over-the-road drivers with initial preference from among its current employees, if they are qualified. Central shall do this employing promptly and it is contemplated that the initial selection will be completed by November 1, 1970.

### II.

The six employees referred to above shall have the election, within 30 calendar days after their employment as road drivers, to return to their former employment and classification without loss of seniority. After said 30-day period, if there is a layoff in the road operation, these six employees may return to their former classification with the same seniority which they enjoyed when they last were employed in said classification.

### III.

Central shall not lay off from over-the-road driving jobs any of the six road drivers referred to above unless and until it gives the United States, through counsel of record, 30 days written notice.

### IV.

If Central shall hire any road drivers in addition to the six mentioned above, it shall hire in a 50-50 ratio of Whites and Negroes. These additional employees shall be hired under the procedures set forth in Paragraph I, and shall enjoy the same election and layoff privileges as set forth in Paragraphs II and III herein.

### V.

Four of the six employees referred to above shall immediately be placed on the Regular Two-Man East Board, and two of the six shall be placed on the Regular Two-Man West Board.

### VI.

This Order shall not be construed as an admission of violation of any laws or the finding of such violation except for the purposes of temporary relief.

### VII.

This Order shall not be considered as a precedent in any other actions in

**480**

which any of the Defendants are parties, except for Title VII actions under the Civil Rights Act of 1964.

### VIII.

The Court reserves ruling on all other issues arising on the pleadings, including the issue of seniority.

This Court retains jurisdiction of this action until further order.

### ADDENDUM TO ORDER

### IX.

It is further ordered that all defendants, their employees, members and agents be enjoined from interfering with the foregoing order, and that a copy of this order be posted at all of Central's terminals and on the Union bulletin board in cities where Central's terminals are located.